UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JESSICA ANN HILBERT, Social Security No. XXX-XX-1633, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:13-cv-89-WGH-TWP |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) ) | |
| Defendant. | ) | |

**REMAND ORDER**

After oral argument before the Court on July 16, 2014, I **ORDER REMAND** of this case because the ALJ did not properly apply the treating physician rule in her opinion at page 27 of the Record.

*Campbell v. Astrue,* 627 F.3d 299, 306-08 (7th Cir. 2010), discusses the "treating physician's" rule applied in many social security cases. Under that rule, a treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.[1] Furthermore, the ALJ must give good reasons for discounting the treating physician's opinion.[2] Lastly, the ALJ must state these reasons in a manner

---
[1] *Id.* at 306.
[2] *Id.*; *Roddy v. Astrue,* 705 F.3d 631, 636-37 (7th Cir. 2013); *Punzio v. Astrue,* 630 F.3d 704, 710 (7th Cir. 2011).

that is not conclusory[3], and she may not selectively discuss only those parts of the opinion that support a finding of non-disability while ignoring other portions that suggest disability[4].

Here, Dr. Kalovidouris's opinion arises out of the only clinical examination and testing in the record. Consulting physician Dr. Saddoris and medical expert Dr. Miller both agree that the Plaintiff was properly diagnosed with fibromyalgia. There is no medical opinion on the record that the Plaintiff does not meet the criteria for that diagnosis.

The entirety of the ALJ's discussion of Dr. Kalovidouris's opinion is found at page 27 of the Record as follows:

> I give little weight to Dr. Kalovidouris' opinion as is it consistent with the opinions of the State agency medical consultant and the medical expert at the hearing, as well not supported the treating notes and objective medical evidence as a whole. For example, Dr. Kalovidouris opined that the claimant has limitations with fine and gross manipulations; however, there are no objective findings in his treatment notes regarding abnormalities with the claimant's hands.

In addition to the sentences being grammatically difficult to understand and perhaps ambiguous, I find the explanation above to be too conclusory and based on a very selective reading of Dr. Kalovidouris's notes. The ALJ has only mentioned one instance of inconsistency and ignored other portions of Dr. Kalovidouris's notes and opinions suggesting disability. Furthermore, I do not find any attempt by the ALJ to discuss other aspects of the regulations which

---

[3] *Roddy,* 705 F.3d at 636; *Punzio,* 630 F.3d at 710.
[4] *Campbell, supra*; *Myles v. Astrue,* 582 F.3d 672, 678 (7th Cir. 2009).

2

address the evaluation of a treating physician's opinion found at 20 C.F.R. § 404.1527(c)(2).

While remand is appropriate, I do not find reversal warranted here because the ALJ does articulate that the medical consultant's opinion was considered in revoking her decision, and Dr. Miller's opinion has some bearing on the ultimate issue of whether Plaintiff is disabled.

I believe the best course therefore is to remand this case to the Commissioner to reconsider the treating physician's findings and opinion, as well as the other evidence of record from Dr. Saddoris, Dr. Miller, and the State agency physician. Whether benefits should be awarded or not will remain within the sound discretion of the Commissioner.

**SO ORDERED** this 25th day of July, 2014.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**