UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JESSICA ANN HILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )          No. 4:13-cv-00089-TAB-TWP |
| | ) |
| CAROLYN W. COLVIN Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

It is said that time is money.  This proverb rings true here, where Plaintiff Jessica Ann

Hilbert's counsel, Tim E. Staggs, filed the instant motion for attorney's fees one year after

Hilbert received her Social Security benefits award.  This passage of time has prejudiced Hilbert

by delaying her receipt of additional past-due benefits.  For reasons explained below, time has

overtaken counsel's ability to directly collect attorney's fees.  The present motion [Filing No. 34]

is denied.

On July 3, 2013, counsel initiated the appeal of the Commissioner's decision to deny

Hilbert's claim for Social Security benefits.  On July 25, 2014, the Court remanded the case for

reconsideration, which resulted in a favorable decision for Hilbert.  On November 6, 2014, the

Court issued an order, awarding Hilbert's counsel $6,847.47 of attorney's fees under the Equal

Access to Justice Act.

When the agency approved Hilbert's claim, it sent a July 28, 2015, award letter.  The

letter explained that Hilbert's past-due benefits totaled $65,504, of which $16,376 would be

withheld for possible payment of attorney's fees.  On September 14, 2015, the agency sent

Hilbert another award letter, informing her that her two children were also entitled to benefits on

her earnings record and that the agency was withholding $4,087.50 from each child's past-due benefits for possible payment of attorney's fees.

Pursuant to 20 C.F.R. § 404.1730(c)(1), to receive attorney's fees directly from Hilbert's past-due benefits, her counsel "should file a request for approval of a fee, or written notice of the intent to file a request … within 60 days of the date we mail the notice of the favorable determination or decision."  If counsel fails to make a request within 60 days, § 404.1730(c)(2)(i) provides that the agency will mail a written notice that "unless the representative files, within 20 days from the date of the notice, a written request for approval of a fee under § 404.1725, or a written request for an extension of time, we will pay all the past-due benefits to you."  Then, subject to approval, "the collection of any approved fee is a matter between you and the representative."  § 404.1730(c)(2)(ii).

On November 28, 2015, the agency sent a letter to Hilbert's counsel that $18,551 of Hilbert's past-due benefits were being withheld in anticipation of directly paying an attorney's fee.  The letter asked whether counsel intended to file a fee petition.  Counsel did not respond.

On March 27, 2016, the agency sent another letter to counsel, advising that the agency did not wish to delay releasing past-due benefits.  The letter expressly invoked the 20-day deadline pursuant to § 404.1730(c)(2)(i), which gave Hilbert's counsel until April 18, 2016, to request fees or an extension.  On April 4, 2016, counsel responded in a letter, acknowledging the deadline.  On April 18, 2016, counsel sent another letter, advising that a fee petition would be filed "as soon as possible."  [Filing No. 43-1, at ECF p. 30.]  Counsel did not file a fee petition or request an extension of time on or before April 18, 2016.

On July 27, 2016, the agency sent another letter to counsel, referencing the March letter, asking counsel whether there was any reason Hilbert's withheld past-due benefits should not be

released to her.  On July 29, 2016, counsel filed the present motion, seeking direct payment of attorney's fees from Hilbert's withheld past-due benefits in the amount of $10,376.  The Commissioner objects, arguing the motion should be denied because Hilbert's counsel failed to file a fee petition within a reasonable time.  Hilbert's counsel did not reply and the time to do so has now passed.

The Seventh Circuit Court of Appeals has held that "a petition for fees under § 406(b)(1) must be brought within a reasonable time."  *Smith v. Bowen,* 815 F.2d 1152, 1156 (7th Cir. 1987).  However, what constitutes a reasonable time was not explained by the court.  Since the "reasonable time" standard was identified in *Smith*, courts have grappled with what constitutes a reasonable amount of time for making a § 406(b) fee request.

In *Bassett v. Astrue*, No. 09-cv-3231, 2012 WL 295068, *2 (C.D. Ill. 2012), the court found that a four-and-a-half month delay between counsel's fee petition and plaintiff's benefit award was reasonable.  However, in *Hill v. Colvin*, No. 1:11-cv-134, 2016 WL 2643360, *5 (N.D. Ind. 2016), the court found that nine months caused a timeliness issue.  Similarly, in *Blow v. Colvin*, No. 1:11-cv-293, 2015 WL 4591655, *3 (N.D. Ind. 2015), an 18-month delay was found unreasonable.  And in *Cox v. Astrue*, No. 3:07-cv-234, 2011 WL 2692910, *2 (N.D. Ind. 2011), the court found that a two-year interval between counsel's fee petition and receipt of notice of award was *per se* unreasonable.

On the other hand, in *Vanbuskirk v. Colvin*, No. 1:10-cv-360, 2015 WL 3439228, *3 (N.D. Ind. 2015), counsel filed a fee petition two years after plaintiff received the benefit award and the court granted the request over the Commissioner's objection.  The *Vanbuskirk* decision is distinguishable because there was no sum of money remaining after the fee award, thus the delay had no effect on the plaintiff.  *Id.*  As such, the reasonableness of a delay in making the fee

petition is more difficult to show where money rightfully due plaintiff is being withheld.  *See e.g., Blow v. Colvin,* No. 1:11-cv-293, 2015 WL 4591655, *4 (N.D. Ind. 2015) (finding the delay was not reasonable because it deprived plaintiff of timely receiving additional withheld past-due benefits).

For no clear reason, Hilbert's counsel shows little interest in collecting fees that are being withheld from Hilbert and apparently due to him.  One full year has passed since the agency first informed counsel that a petition for fees needed to be filed.  According to the regulations, counsel was supposed to file a fee petition within 60 days of the award.  However, counsel filed the petition one year after the award, despite earlier prompts by the Commissioner.  Four months after Hilbert was awarded benefits, the agency sent her counsel a reminder to file a fee petition.  This letter went unheeded and an additional four months later, the agency sent counsel another reminder, which explicitly triggered the final 20-day deadline.  At this point, the clock began counting down on counsel's ability to file a petition for fees.  On the date of the 20-day deadline, counsel responded that a fee petition would be made "as soon as possible."  However, that deadline passed without counsel filing a fee petition or a request for additional time.  This is the pivotal moment for the instant motion.  When the 20-day deadline passed without a proper filing by counsel, this motion was doomed.

Counsel's fee petition was not brought within a reasonable time.  Significantly, this is a case where money rightfully due to Hilbert has been needlessly withheld for an excessive amount of time.  In total, the agency withheld $24,551 of Hilbert and her children's past-due benefits for potential payment of attorney's fees.  Of this amount, the agency paid counsel $6,000 as the approved attorney fee for administrative services under 406(a).  Hilbert's counsel now requests an attorney fee of $10,376 for work at the district court under 406(b), which would

4

leave Hilbert the remaining $8,175.  Counsel's delay has unfairly prejudiced Hilbert by depriving her of the timely receipt of this sizable amount.  *See Blow*, 2015 WL 4591655, *4 ("there is a sum remaining after the fee award, and thus, the delay has prejudiced [plaintiff]").

The facts show that counsel essentially ignored the agency's repeated notices and letters advising counsel that he must file a fee petition within the allowed time.  When counsel did communicate with the agency, it was not to request additional time or request fees.  Rather, counsel's short letter suggested a fee request was forthcoming, but delayed due to counsel's lack of familiarity with § 406(b).  However, more than three more months passed before counsel filed the fee petition, after more prompting by the Commissioner.  Section 406(b) is a rather short, straight-forward statute which should not take counsel months to research.  Counsel failed to present any reasons for making an untimely request for fees and he failed to reply to the Commissioner's objection.  The Court can only speculate why the fee petition was delayed.  Such speculation renders the Court unable to establish reasonableness.  Accordingly, the Court finds the present motion was not filed within a reasonable time.

The Court notes that in similar situations, case law also supports subtracting Hilbert's portion from counsel's fee and awarding the difference, which would result in counsel receiving $2,201.  *E.g., Hill*, 2016 WL 2643360, *5 (ordering the fee award "be reduced to account for the prejudice that resulted to [plaintiff] because of [counsel's] delay"); *Blow*, 2015 WL 4591655, *4 (reducing the attorney's fee award by the amount owed to plaintiff, plus interest).  However, doing so is not mandatory and the Commissioner only asks that the present motion be denied.

The Commissioner defers to the Court's discretion as to whether counsel should be allowed to collect attorney's fees under the contingency agreement [Filing No. 36-2] directly from Hilbert, without the Commissioner or the Court's involvement.  The Court has found little

guidance on how discretion should be exercised.  The regulations indicate that counsel may still

collect his fee from Hilbert, but only subject to approval.  20 C.F.R. § 404.1730(c)(2)(ii).  Such

approval will not be given here.  Plaintiff's counsel's inexplicable delay, which prejudiced his

client, should not be rewarded.  Moreover, counsel does not demonstrate the extent of his

representation.  Counsel only points to a contingency fee agreement with Hilbert that he will

receive 25% of the past-due benefit.  Thus, the amount of work counsel did is unknown, in

addition to counsel's feeble efforts in seeking a fee under § 406(b) at all.  Accordingly, the Court

does not approve of counsel's collection of attorney's fees directly from Hilbert.  Counsel may

only keep the previously awarded attorney's fee under EAJA.

In conclusion, the petition for attorney's fees [Filing No. 34] is denied.  Counsel did not

file a fee petition within 20 days of March 27, 2016.  Because counsel filed his fee petition after

the deadline, he has forfeited the right to receive payment of withheld funds from the agency.

The Commissioner shall release past-due benefits in the amount of $18,551 to Hilbert and her

children.  Counsel may retain his prior EAJA fee award but may not collect attorney's fees from

Hilbert.

Date: 10/17/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

G. Gene Arnholt
arnholt@sbcglobal.net

Timothy E. Staggs
ARNHOLT & STAGGS LAW OFFICE
tim@arnholtandstaggs.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov